Daniel Cotman (SBN 218315)
Cotman IP Law Group, APLC
281 East Colorado Blvd. #2630
Pasadena, CA 91101
Phone: (626) 405-1413
Email: dan@cotmanlaw.com

Attorneys for Plaintiff
WILLIAM COUPON

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| William Coupon<br><br>    Plaintiff(s),<br><br> vs.<br><br>THE HEARST CORPORATION d/b/a TIMES UNION,<br><br>    Defendant(s). | Case No.: 2:26-cv-00478<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**JURY TRIAL DEMAND**<br><br>Judge:<br>Magistrate:<br><br>Trial Date:<br>Dispositive Motion Cutoff:<br>Discovery Cutoff: |

## INTRODUCTION

1. This is a civil action for copyright infringement under 17 U.S.C. §§ 101 et seq., arising from Defendant's unauthorized copying, public display, and distribution of Plaintiff's registered photographic Work. Despite two formal notices, Defendant reproduced and published the Work without authorization. After being put on notice, Defendant removed the infringing image but failed to accept liability or provide compensation. Defendant's conduct was knowing, willful, and in reckless disregard of Plaintiff's rights.

## PARTIES

2. Plaintiff William Coupon ("Plaintiff" or "Coupon") is an artist currently doing business via his Art Galleries located at 450 1st Street East, Suite G, Sonoma, California 95476, and Peter Fetterman Gallery, located at 2525 Michigan Ave, Suite A1, Santa Monica, CA 90404. He is a

1  renowned photographer known for his distinctive formal portraiture of high-profile political and cultural figures.

3. Defendant THE HEARST CORPORATION d/b/a Times Union ("Defendant" or "Times Union") is a Delaware Stock Corporation (Entity Number: 196534) with a principal place of business at 300 W. 57th Street, New York, NY 10019. Defendant is registered as an active Corporation with the California Secretary of State and maintains "Good" standing. Defendant has appointed C T Corporation System as its registered agent for service of process in California and has designated multiple authorized agents located at 330 N. Brand Blvd., Glendale, California, including Amanda Garcia, Gabriela Sanchez, Daisy Montenegro, Beatrice Casarez-Barrientez, Jessie Gastelum, John Montijo, and Diana Ruiz. Defendant owns, operates, and publishes the Times Union, a media outlet based in Albany, New York, accessible nationwide via its website www.timesunion.com.Plaintiff never authorized or licensed Defendant or any of its affiliates, employees, or agents to use, display, or publish the Work at issue.

4. On October 23, 2024, Defendant falsely asserted that it had obtained the image through Getty Images. However, Plaintiff has never licensed or sold the Work to Getty or any other third party for sublicensing.

5. Plaintiff has never licensed or authorized Times Union, Hearst Newspapers, or any of their affiliates or agents to reproduce, distribute, or display the Work.

## JURISDICTION AND VENUE

6. This is a civil action seeking damages and injunctive relief for copyright infringement under 17 U.S.C. §§ 101 et seq. and 505 et seq. This is a civil action seeking damages and injunctive relief for copyright infringement under 17 U.S.C. §§ 101 et seq. and 505 et seq.

7. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338 (copyrights).

8. Venue is proper in this District under 28 U.S.C. §§ 1391(c) and 1400(a) because Defendant THE HEARST CORPORATION d/b/a Times Union resides in this District for venue purposes and has committed acts of infringement expressly aimed at this District.

9. A. Systemic Business and Marketing in California Defendant
   a. THE HEARST CORPORATION is a major media conglomerate that purposefully directs its business activities toward California residents. Defendant owns and operates major media properties within this state (including the San Francisco Chronicle and SFGATE) and maintains offices and business operations within the Greater Los

Angeles area. Defendant markets its publications, including the Times Union, to California consumers through digital subscriptions.

10. B. Specific Jurisdiction and Harm in this District

    a. Defendant's infringement is anchored to this District because the harm suffered by Plaintiff is felt most acutely here. Plaintiff maintains a specific commercial presence in Santa Monica, California, through the Peter Fetterman Gallery (2525 Michigan Ave, Santa Monica), where his fine art photography is exhibited and sold. Defendant's unauthorized digital distribution of the Work directly competes with and diminishes the value of Plaintiff's fine art sales in this specific jurisdiction.

11. C. Subscribers and Advertising Revenue

    a. Defendant's website (timesunion.com) and associated mobile applications are interactive commercial platforms that knowingly solicit and accept paid transactions from residents of this District. The subscription interface specifically accommodates California consumers by listing "California" as a selectable state for billing and account registration, and Defendant actively processes recurring subscription payments from credit cards registered to California addresses.

    b. Furthermore, Defendant distributes its content directly into this District through the "Times Union" mobile application, which is available for download to California residents via the Apple App Store and Google Play Store. By enabling and profiting from these seamless digital transactions with California residents, Defendant has established a commercial footprint in this District that goes beyond mere passive accessibility.

12. D. Defendant's Explicit Acknowledgement of California Business Activities

    a. Defendant's own legal disclosures confirm its systematic and continuous business in this District. Defendant maintains a specific "Notice at Collection / Additional Information for California Residents" within its Privacy Notice (accessible at timesunion.com/privacy), explicitly referencing compliance with California Civil Code § 1798.83 ("Shine the Light" law) and the California Consumer Privacy Act (CCPA). By affirmatively establishing data collection protocols, opt-out mechanisms for "Sale/Targeted Ads," and privacy rights specifically for California residents, Defendant admits it knowingly solicits, collects, and monetizes the personal data of users in this District. This "express aiming" at California consumers for commercial

gain—specifically the collection of demographic, payment, and device data for targeted advertising—further establishes that Defendant has purposefully availed itself of the privileges of conducting business in California.

## FACTUAL ALLEGATIONS

### A. The Importance of Copyright and Bundle of Rights

13. Copyrights are the legal title to intellectual property by which creators of original works protect the moral and economic rights in those works.

14. Section 106 of the Copyright Act ("the Act") grants copyright owners the exclusive rights of reproduction, distribution, public performance, and public display of their work. The Act makes it unlawful to publicly perform, publicly display, distribute, or reproduce a copyrighted work except in limited instances, and it provides for actual or statutory damages for violations.

15. In 1976, the Act was amended to give creators, such as Plaintiff William Coupon, an automatic copyright in any new photograph upon creation.

16. Plaintiff Coupon is a renowned photographer whose images have appeared in high-profile publications worldwide, been published in numerous books, and exhibited in prominent galleries and museums. Among his copyrighted works is the photographic series entitled "The Celebrity Portraits of William Coupon," registered with the United States Copyright Office on October 10, 2014, under registration number VAU-1-187-793 (the "Work"). A copy of the registration is attached here as Exhibit A.

17. The image from the aforementioned Work was unlawfully displayed and distributed on Times Union's website (timesunion.com) without authorization, in violation of Plaintiff's exclusive rights under the Copyright Act. A copy of the infringing webpage is attached here as Exhibit B.

### B. Defendant's Infringement and Refusal to Cooperate

18. As a professional photographer, Plaintiff's works command significant licensing fees and critical acclaim. The high value of these images stems from his distinctive artistic style and the fame of his portrait subjects. Any unauthorized publication of Plaintiff's photographs degrades their market value and infringes upon the exclusive rights granted by the Copyright Act.

19. The photographic Work at issue was authored exclusively by Plaintiff, and all enforcement rights reside with Mr. Coupon. No license or authorization was ever granted to Times Union or its agents to use the Work.

20. Times Union is an online news and media platform that publishes a variety of articles and editorials, often featuring third-party images. Without permission, Times Union reproduced, publicly displayed, and distributed Plaintiff's copyrighted Work on its website.

21. Plaintiff, through counsel, sent a cease and desist letter dated July 18, 2024, demanding removal of the infringing content and compensation for unauthorized usage. After receiving no adequate response, Plaintiff sent a follow-up letter on September 10, 2024, reiterating the infringement claims and requesting cooperation. Only on October 23, 2024, did Times Union respond, claiming it had obtained the image from Getty. However, Plaintiff has never granted Getty (or any other third party) any rights to sell or license the Work. Hence, Defendant's assertion is categorically false.

22. By invoking a non-existent license from Getty and continuing to display the Work, Times Union demonstrates willful disregard for Plaintiff's rights as a creator. This infringement has caused significant harm to Plaintiff by diminishing the market value of his Work and violating the exclusive rights granted under the Copyright Act.

23. Although the Plaintiff's Counsel insisted that the work be erased, the mere deletion without compensation is insufficient for the Plaintiff. To date, no offer has been made that acknowledges the value of the work and only the work was erased from the site.

24. Plaintiff is entitled to recover actual damages, all profits gained by Defendant through infringing activities, and any other relief available under statute, including statutory damages, costs, and attorney's fees.

## COUNT I
### (Infringement of Copyrights – 17 U.S.C. §§ 101 et seq.)

25. Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs as though fully set forth herein.

26. Plaintiff holds the exclusive right to enforce the copyright of the Work shown in Exhibit A, which was registered prior to Defendant's infringement and prior to the filing of this lawsuit.

27. Plaintiff has never provided authorization to Defendant Times Union, its owners, agents, licensees, affiliates, employees, contractors, or subscribers to use, copy, publicly display, distribute, license, manipulate, or otherwise commercially exploit the Work.

28. Defendant Times Union directly infringed Plaintiff's copyright by using, copying, publicly displaying, distributing, and otherwise commercially exploiting the Work without Plaintiff's authorization.

29. As a direct and proximate result of Defendant's infringing acts, Plaintiff has suffered damages, including but not limited to lost licensing fees and harm to the market value of the Work.

30. Defendant had actual or constructive knowledge of the infringement after receiving Plaintiff's cease and desist notices but refused to remove or properly license the infringing content. Instead, Defendant erroneously claimed it had obtained the Work from Getty, thereby materially contributing to the continued unlawful reproduction and display of Plaintiff's Work.

31. Defendant's actions constitute direct, vicarious, and/or contributory infringement. Unless enjoined, Times Union will continue to infringe Plaintiff's copyrights by reproducing, displaying, distributing, and utilizing the Work for commercial gain without authorization or payment.

32. Defendant exercises complete control over the images and content published on its website. By selecting and publishing Plaintiff's photograph, Defendant has caused infringing material to be distributed and made available to its readership for its own financial benefit.

33. Defendant had reason to know of its infringing activity once Plaintiff notified it of the copyright violation. Yet, Defendant willfully persisted in unauthorized use of the Work, continuing to publicly display the image for editorial or advertising revenue.

34. As a result of Defendant's infringement, Plaintiff has suffered actual damages. Defendant has been unjustly enriched through increased web traffic and advertising revenue attributable to the infringing content.

35. Pursuant to 17 U.S.C. § 504(b), Plaintiff is entitled to recover the actual damages he has suffered and any profits of Defendant that are attributable to the infringement and not taken into account in computing actual damages.

36. Alternatively, pursuant to 17 U.S.C. § 504(c)(2), as a result of Defendant's willful infringement of Plaintiff's exclusive rights in the Work, Plaintiff is entitled to recover statutory damages of up to $150,000 per infringed image.

37. Plaintiff is also entitled to his costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505.

38. Defendant's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by this Court.

39. Accordingly, Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting the infringement of Plaintiff's exclusive copyrights in the Work by Defendant and all persons acting in concert with Defendant.

**RELIEF REQUESTED**

40. WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

   a. Awarding Plaintiff actual damages for copyright infringement, or in the alternative, statutory damages of up to $150,000 per infringed work pursuant to 17 U.S.C. § 504(c);
   b. Issuing a permanent injunction enjoining Defendant Times Union, and all persons acting in concert with Defendant, from directly or indirectly reproducing, publicly displaying, distributing, or otherwise exploiting any of Plaintiff's copyrighted images without authorization;
   c. Ordering Defendant to account for and disgorge all profits derived from the infringing activities;
   d. Awarding prejudgment interest to the maximum extent permitted by law;
   e. Awarding Plaintiff's reasonable attorneys' fees, costs, and expenses pursuant to 17 U.S.C. § 505; and
   f. Granting such further relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury in this action pursuant to F.R.C.P. 38 and the Seventh Amendment of the Constitution.

DATED: January 16, 2026

By:  /s/Daniel Cotman/

Daniel C. Cotman (SBN 218315)
Cotman IP Law Groups, APLC
281 East Colorado Blvd. #2630
Pasadena, Ca 91101

Attorneys for Plaintiff