UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    2:26-cv-00478-PD                              Date: May 8, 2026

Title    *William Coupon v. The Hearst Corporation dba Times Union*

Present:  The Honorable:   Patricia Donahue, United States Magistrate Judge

| Isabel Verduzco | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiff:        Attorneys Present for Defendant:

N/A                                                    N/A

**Proceedings (In Chambers):**        **Order to Show Cause Why the Action Should Not be Dismissed for Failure to File a Proof of Service**

On January 16, 2026, William Coupon ("Plaintiff") filed a complaint against Defendant The Hearst Corporation d/b/a Times Union ("Defendant"). Dkt. No. 1.  On January 20, 2026, the Clerk issued a summons for Defendant. Dkt. No. 6.

Since then, Plaintiff has not filed a proof of service of the summons, complaint, and Notice of Assignment to a U.S. Magistrate Judge and Declaration of Consent, Dkt. No. 5, on Defendant.

More than ninety days have passed since Plaintiff filed the complaint. Rule 4(m) of the Federal Rules of Civil Procedure provides that if service of the summons and complaint is not made upon a defendant within ninety days of filing the complaint, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  Fed. R. Civ. P. 4(m).  If the plaintiff, however, "shows good cause for the failure, the court must extend the time for service for an appropriate period."  *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:26-cv-00478-PD                              Date: May 8, 2026

Title   *William Coupon v. The Hearst Corporation dba Times Union*

      Plaintiff is therefore ORDERED TO SHOW CAUSE in writing, by **May 20, 2026**, why proper service was not timely made on Defendant, and why this case should not be dismissed without prejudice for failure to effectuate service and for lack of prosecution.  Failure to timely file a written response to this Order may result in dismissal of this action for failure to effect service of process within the time specified by Rule 4(m) of the Federal Rules of Civil Procedure, for failure to prosecute, and/or for failure to obey a court order. *See* Fed. R. Civ. P. 41(b).  Plaintiff may discharge this Order by filing a proof of service that complies with the applicable rules.

      **IT IS SO ORDERED**.